**WO**                                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jose Joseph Allen Robles,<br><br>    Petitioner,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>    Respondents. | No. CIV 05-559-TUC-DCB<br><br>**ORDER** |

On September 14, 2005, Petitioner Jose Joseph Allen Robles, presently confined in the Arizona State Prison Complex-Eyman, filed what appears to be a Petition for Writ of Habeas Corpus ("Petition") and an Application to Proceed *In Forma Pauperis* ("Application to Proceed").

**Application to Proceed In Forma Pauperis**

Rule 3.5(b) of the Local Rules of Civil Procedure ("LRCiv") requires that "[i]f a habeas corpus petitioner desires to prosecute the petition *in forma pauperis*, the petitioner shall file an application to proceed [*in forma pauperis*] on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the

**JDDL**

1 petitioner's credit." Rule 3.5(b) also requires payment of the five dollar ($5.00) filing fee if a petitioner has in excess of twenty-five dollars ($25.00) in his inmate account.

The Application to Proceed filed by Petitioner does not include the last page of the Court-approved form meaning that Petitioner's Application: 1) does not show the current balance of his prisoner trust account; 2) is not signed by Petitioner as required; and 3) is not certified by an authorized officer of the institution in which Petitioner is confined, as required.

Accordingly, Petitioner's Application to Proceed is insufficient to support the request to proceed *in forma pauperis* and Petitioner will be given thirty (30) days from the filing date of this Order to submit a properly executed and certified Application to Proceed *In Forma Pauperis,* using the form included with this Order, *or* pay the five dollar ($5.00) filing fee.

**Petition not on Form**

Petitions for writ of habeas corpus are required by LRCiv 3.4(a) to "be signed and legibly written or typewritten on forms approved by the Court."  Because Petitioner has failed to file his Petition on a Court-approved form for filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, the Petition will be dismissed without prejudice, with leave to amend.  Petitioner shall have thirty (30) days from the filing date of this Order to file an amended petition on a complete, Court-approved form, using the form included with this Order, and may not incorporate any part of the original Petition by reference.

In filing an amended Petition, Petitioner should note that pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States**." (emphasis added).  Accordingly, Petitioner's grounds for relief must allege how his conviction and/or sentence violates the Constitution, laws or treaties of the United States.

Further, a petitioner for habeas corpus relief under § 2254 must name the state officer having custody of him as a respondent. Belgarde v. State of Montana, 123 F.3d 1210, 1212 (9th Cir. 1997) (citing Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.

**JDDL** - 2 -

1   1994)). The failure to name as respondent Petitioner's custodian deprives the district court
2   of personal jurisdiction.  Belgarde, 123 F.3d at 1212.

3   Petitioner is also cautioned that a prisoner attacking his state conviction must exhaust
4   state remedies before a federal court will entertain a petition for writ of habeas corpus.  Rose
5   v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983).  The federal
6   court will not entertain a petition for writ of habeas corpus unless each and every issue has
7   been exhausted.  Rose, 455 U.S. at 521-22.

8   Finally, Petitioner should take notice that all grounds alleged in his original Petition
9   which are not alleged in any amended petition will be waived.  Hal Roach Studios v. Richard
10  Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the
11  original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).[1]

12  **Rule 41 Cautionary Notice**

13  Petitioner should take notice that if he fails to timely comply with every provision of
14  this Order, or any order of the Court entered in this matter, this action will be dismissed
15  pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963
16  F.2d 1258 (9th Cir.) (District Court may dismiss action for failure to comply with any order
17  of the Court), cert. denied, 506 U.S. 915 (1992).

18  **IT IS THEREFORE ORDERED** as follows**:**

19  (1) Petitioner's September 14, 2005 Application to Proceed In Forma Pauperis, filed
20  with the Petition, is **DENIED WITHOUT PREJUDICE**;

---

[1] The Court may dismiss any subsequent petitions as an abuse of the writ.  28 U.S.C. §2244(b)(2). Title 28 U.S.C. §2244(b) (as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996)) states that a District Court shall dismiss a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application, except under certain circumstances.  Furthermore, under 28 U.S.C. §2244(b)(3)(A)(1996), before a second or successive application is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application.

(2) Petitioner **SHALL HAVE** thirty (30) days from the filing date of this Order to submit a properly executed and certified Application to Proceed *In Forma Pauperis,* using the form included with this Order, *or* pay the five dollar ($5.00) filing fee;

(3) The Clerk of the Court is **DIRECTE**D to enter a judgment of dismissal without prejudice of this action, without further notice to Petitioner, if Petitioner fails to submit a properly executed and certified Application to Proceed *In Forma Pauperis,* or pay the five dollar ($5.00) filing fee, within thirty (30) days from the filing date of this Order;

(4) Petitioners' September 14, 2005 Petition for Writ of Habeas, (Doc. #1) is **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**.  Petitioner SHALL HAVE thirty (30) days from the filing date of this Order to file an amended petition including all of his grounds for review on a complete Court-approved form, to show how he is being held in custody in violation of the Constitution, laws or treaties of the United States, to set forth in summary form the facts supporting each of his grounds, to provide complete information as to whether he has first exhausted his state court remedies as to each ground on which he requests action by this Court and to present only exhausted grounds to the District Court.  The amended petition must be retyped or rewritten in its entirety on a Court-approved form and may not incorporate any part of the original Petition by reference.  Any amended petition submitted by Petitioner should be clearly designated as an amended petition on the face of the document.  Petitioner should take notice that if he fails to timely file an amended petition, the Petition and this action will be dismissed without prejudice, without further notice to Petitioner.  Petitioner should take further notice that if he amends his Petition, he may later be precluded from federal consideration of any claims that are not presented in the amended petition, in the event he should later seek federal habeas corpus relief;

(5) The Clerk of the Court is **DIRECTED** to enter a judgment of dismissal of this case, without prejudice, without further notice to Petitioner, if Petitioner fails to file an amended petition within thirty (30) days of the filing date of this Order;

- 4 -

JDDL

(6) Aside from the two (2) copies of the amended Petition that must be submitted pursuant to LRCiv 3.4(a), a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Petitioner**;

(7) At all times during the pendency of this action, Petitioner **SHALL IMMEDIATELY ADVISE** the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Petitioner has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(8) The Clerk of the Court is **DIRECTED** to provide Petitioner with the current Court-approved forms titled, "Application to Proceed *In Forma Pauperis* By A Prisoner (Habeas)" and "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254."

DATED this 14th day of October, 2005.

David C. Bury
United States District Judge

**JDDL**